SUMNER SOULE *vs.* KENNEBEC MAINE ICE COMPANY, and TRUSTEES.

Kennebec.     Opinion December 13, 1892.

*Trustee.   Set-off.   Disclosure.   R. S.,.c. 82, §§ 58, 130.*

A trustee who owes the principal defendant cannot deduct from the funds in his hands an account which another person has assigned to him against the principal defendant, unless after such assignment the principal defendant has agreed to pay the account to him.

It is a matter within the discretion of the presiding judge whether a trustee may be permitted to make an additional disclosure after he has once completed and filed a disclosure, and to the judge's decision of such question exceptions do not lie.

ON EXCEPTIONS.

The case is stated in the opinion.

*A. M. Spear*, for plaintiff.

*L. T. Carleton*, for trustees.

PETERS, C. J.   The Kennebec Maine Ice Company are the principal defendants in this suit, and D. E. Marston and others, constituting a co-partnership called the Monmouth Ice Company, are the alleged trustees.   The trustees admit an indebtedness to the defendants, but claim the right to deduct therefrom, by way of set-off, a debt which D. E. Marston had against the defendants, which debt Marston sold and assigned to them. Marston is a director and stockholder in the Kennebec Maine company and treasurer of the Monmouth company.   He says in his disclosure, disclosing for the last named company, that he notified the president of the Kennebec Maine company that he had assigned his claim against them to the Monmouth company.   But that is not enough to entitle the trustees to deduct the amount of such assigned debt from the funds in their hands. There must be an agreement of the defendant company to pay the assigned claim to the assignees,— the alleged trustees,— and there is no evidence of any such agreement.

The rights of the parties cannot be different from what they would be if the litigation were a suit by the Kennebec company against the Monmouth company to collect the account due the

former from the latter. The latter could not file in offset a claim which it had purchased against the former, unless the former had before the date of the suit received notice of the assignment, and had agreed to pay it to the assignee. R. S., c. 82, § 58; *Stevens* v. *Lunt*, 19 Maine, 70.

Then the question arises whether this position is changed by the provision of the statute which allows an assignee of an account to sue for the recovery of the same in his own name. R. S., c. 82, § 130. Our opinion is that no such change was effected or intended. The statute referred to is an innovation on the common law of questionable expediency, and should not be extended by implication. Nor are the conditions annexed to the right under such statute fitting to the present case.

After the trustee had made one disclosure he was permitted to disclose again. After that he submitted a motion to be allowed to make still another disclosure, and the motion was denied. There was no suggestion of any newly-discovered facts or of any accidental omissions. There can be no doubt that it was a matter within the discretion of the presiding judge to refuse the rather extraordinary privilege asked for.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.